UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

A.N.A., by and through her parent and                                                    PLAINTIFFS
next friend, S.F.A., et al.

v.                                                                    CIVIL ACTION NO. 3:08-CV-4-S

BRECKINRIDGE COUNTY
BOARD OF EDUCATION, et al.                                                              DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion of the Breckinridge County Defendants,[1] to dismiss the Amended Complaint (DN 41) filed against it by the Plaintiffs[2] (DN 66).[3] For the following reasons the motion will be granted in part and denied in part.

Plaintiffs filed this action against the Breckinridge County Defendants claiming that the single-gender education program utilized at Breckinridge County Middle School in the 2007-2008 school year was in violation of both federal and state law. They request damages for what they allege was unlawful

---

[1] Breckinridge County Board of Education; Breckinridge County Middle School Site Based Decision Making Council; Breckinridge County School District Superintendent Evelyn Neely; Breckinridge County School District Assistant Superintendent Janet Meeks; Breckinridge County Middle School Principal and Chairperson of the Breckinridge County Site Based Decision Making Council Kathy Gedling; and Breckinridge County Middle School Site Based Decision Making Council Members Lisa Chandler, Albert Holtzman, Ann O'Connell, Tara Hinton, and Deborah Anthony, each in their official and individual capacities are collectively referred to as the "Breckinridge County Defendants."

[2] A.N.A., by and through her parent and next friend, S.F.A.; S.E.A. by and through her parent and next friend S.F.A.; Z.H.S., by and through his parent and next friend, S.S.; J.D., by and through his parent and next friend, S.D.; L.D., by and through her parent and next friend, S.D.; G.J., by and through his parent and next friend L.J.; S.L., by and through her parent and next friend C.L.; J.J.N., by and through his parent and next friend J.J.N.; K.A.S., by and through her guardian and next friend, J.J.N.; and all others similarly situated are collectively referred to as "Plaintiffs."

[3] The following members of the Breckinridge County Board of Education were named as defendants in the initial Complaint filed by Plaintiffs in their individual and official capacities: Wayne Fentress, Kenneth Hagar, Allen Cole, Joe Hobbs, and Paula Burke. Their names, however, do not appear in the Amended Complaint. The Plaintiffs have indicated that they do not believe that these individuals are currently before the court and do not object to the court's formal dismissal of such individuals from this action.

sex discrimination during the 2007-2008 school year. Plaintiffs also claim that the single-gender education program in place for the 2008-2009 school year is in violation of federal and state law and seek to enjoin the Breckinridge County Defendants from continuing to offer this single-gender education program.[4]

The Breckinridge County Defendants argue that this court lacks subject matter jurisdiction over the claims asserted against them. Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack is a challenge to the sufficiency of the complaint, and in considering a facial attack, the court must take the material allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Id.*; *Ohio National Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In contrast, a factual attack is a challenge to the factual existence of subject matter jurisdiction. *Id.* In considering a factual attack, the court is to look beyond the complaint and weigh any relevant evidence such as affidavits and other documents to determine whether it has the power to hear the case. *Id.*

The Breckinridge County Defendants contend that because the 2007-2008 school year has concluded and a new single-gender education program is in place for the 2008-2009 school year, Plaintiffs' claims with respect to the 2007-2008 school year are moot. Plaintiffs, however, have asserted claims for damages based on what they allege was unlawful sex discrimination in the 2007-2008 school year. The existence of a claim for damages precludes dismissal of an action on mootness grounds. *See Blau v. Fort Thomas Public School District*, 401 F.3d 381, 387 (6th Cir. 2005); *Lynch v. Leis*, 382 F.3d 642, 646 n.2 (6th Cir. 2004); *Granger v. Klein*, 197 F.Supp.2d 851, 879 (E.D.Mich. 2002). The Breckinridge County Defendants argue that, as a factual matter, the court has already ruled on the legality

---

[4]Plaintiffs have also asserted claims against the United States Department of Education and Margaret Spellings, Secretary of Education. Such claims are not currently at issue.

of the 2007-2008 single-gender education program and has determined that any claims for damages are inappropriate. The court has discussed the legality of the 2007-2008 single-gender education program and the issue of damages with the parties during multiple telephonic conferences. The court, however, has issued no rulings on these issues. Plaintiffs' claims for damages with respect to the 2007-2008 single-gender education program cannot be considered moot on the grounds that the court has previously ruled on the merits of such claims. Accordingly, Plaintiffs' claims based on the 2007-2008 single-gender education program will not be dismissed at this time.

The Breckinridge County Defendants next contend that Plaintiffs' claims with respect to the 2008-2009 single-gender education program are not yet ripe for review.[5] The Breckinridge County Defendants argue that the factual record in this case is not sufficiently developed as to permit a fair adjudication regarding the merits of Plaintiffs' claims relating to the 2008-2009 single-gender education program. The 2008-2009 school year at Breckinridge County Middle School commenced on August 8, 2008, and the 2008-2009 single gender education program has been implemented. While the factual record at this stage in the litigation may not be fully developed as to *every* aspect of the 2008-2009 single-gender education program the court does not find that dismissal of Plaintiffs' claims with respect to this program is proper at this time.[6]

For the above stated reasons, **IT IS HEREBY ORDERED AND ADJUDGED** that the Breckinridge County Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART** as follows:

---

[5] The Breckinridge County Defendants also contend that the claims of plaintiffs, A.N.A., Z.H.S., J.D. and S.L. with respect to the 2008-2009 single-gender education program are moot inasmuch as these plaintiffs have completed their final year at Breckinridge County Middle School and are not subject to the 2008-2009 single-gender education program. Plaintiffs do not dispute that the claims of A.N.A., Z.H.S., J.D.,and S.L. with respect to the 2008-2009 single-gender education program are moot and do not object to dismissal of these claims.

[6] The court will, however, dismiss the claims of A.N.A., Z.H.S., J.D., and S.L., with respect to the 2008-2009 single-gender education program.

- 4 -

(1)  Wayne Fentress, Kenneth Hagar, Allen Cole, Joe Hobbs, and Paula Burke, in their individual capacities and official capacities as members of the Breckinridge County Board of Education, are **DISMISSED** from this action.

(2)  The claims of plaintiffs A.N.A., Z.H.S., J.D., and S.L. challenging the legality of the 2008-2009 single-gender education program are **DISMISSED.**

(3)  In all other respects the motion to dismiss is **DENIED**.

**IT IS SO ORDERED**.