UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

A.N.A., by and through her parent and next friend, S.F.A., et al.                                    PLAINTIFFS

v.                                                                                                 CIVIL ACTION NO. 3:08CV-4-S

BRECKINRIDGE COUNTY BOARD OF EDUCATION, et al.                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the Federal Defendants, United States Department of Education ("DOE") and Margaret Spellings, to dismiss the action as to them for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).[1]

The following facts afford background for the disposition herein.[2]

In 2006, DOE amended its regulations implementing Title IX to authorize single-sex classes under certain conditions. 34 C.F.R. §106.34(b). The amended regulations afford elementary and secondary schools the option to offer single-sex classes that are voluntary and are offered through a program which provides equal educational opportunities for both sexes. Schools offering single-sex classes must offer a substantially equal coeducational class in the same subjects. In some instances, members of the excluded sex must also be offered a single-sex class. Any single-sex class must be based on an important objective (a) to improve educational achievement of its students through an established policy to provide diverse educational opportunities if the single-sex nature of the class is substantially related to achieving that objective, or (b) to meet the particular, identified educational needs of its students, provided that the single-sex nature of the class is substantially

---

[1] Other bases for dismissal are urged, but need not be addressed as the 12(b)(6) issue is clearly dispositive.

[2] These facts are taken from the Motion of the Federal defendants (DN 79) and the Response of the A.N.A. plaintiffs (DN 103) and are recited for contextual purposes only.

related to achieving that objective. The implementation of such an objective must be done in an even-handed manner.

DOE has stated that the aim of the amendment is to help schools provide educational benefits to students who may respond favorably to single-sex classes while ensuring equal educational opportunities for male and female students. The regulations do not require schools to offer single-sex classes.

In January, 1998, the plaintiffs[3] filed this action against the Breckinridge County Defendants[4] challenging the single-gender education program utilized at Breckinridge County Middle School during the 2007-2008 school year as violative of federal and state law. The Amended Complaint also challenges the 2008-2009 program, and names the Federal Defendants in counts which allege violation of Title IX (Eighth Cause of Action), arbitrary and capricious agency action under the Administrative Procedure Act (Ninth Cause of Action), and violation of the Equal Protection Clause of the Fifth Amendment to the United States Constitution (Tenth Cause of Action).

The Preliminary Statement contained in the First Amended Complaint states:

> 1. This is an action under 42 U.S.C. § 1983 and federal and state statutes challenging unlawful sex discrimination in the Breckinridge County Middle School. The Plaintiffs – middle school students by and through their parents – allege that the Board of Education, the [Breckinridge County Defendants] have unlawfully segregated girls and boys attending Breckinridge County Middle School and have provided an education to the students in these sex-segregated classes that is

---

[3]A.N.A., by and through her parent and next friend, S.F.A.; S.E.A. by and through her parent and next friend S.F.A.; Z.H.S., by and through his parent and next friend, S.S.; J.D., by and through his parent and next friend, S.D.; L.D., by and through her parent and next friend, S.D.; G.J., by and through his parent and next friend L.J.; S.L., by and through her parent and next friend C.L.; J.J.N., by and through his parent and next friend J.J.N.; K.A.S., by and through her guardian and next friend, J.J.N.; and all others similarly situated are collectively referred to as "Plaintiffs."

[4]Breckinridge County Board of Education; Breckinridge County Middle School Site Based Decision Making Council; Breckinridge County School District Superintendent Evelyn Neely; Breckinridge County School District Assistant Superintendent Janet Meeks; Breckinridge County Middle School Principal and Chairperson of the Breckinridge County Site Based Decision Making Council Kathy Gedling; and Breckinridge County Middle School Site Based Decision Making Council Members Lisa Chandler, Albert Holtzman, Ann O'Connell, Tara Hinton, and Deborah Anthony, each in their official and individual capacities are collectively referred to as the "Breckinridge County Defendants."

fundamentally unequal, in violation of the Fourteenth Amendment's equal protection clause, Title IX of the Education Amendments of 1972 ("Title IX"), the Equal Educational Opportunities Act, and Kentucky's sex equity in education law.

2. This action further challenges the unlawful behavior of the [Federal Defendants], in promulgating regulations purporting to interpret Title IX to permit sex-segregation in otherwise coeducational institutions, like Breckinridge County Middle School, in violation of the Administrative Procedures Act and the antidiscrimination guarantees of Title IX and the Fifth Amendment of the United States Constitution.

3. The named Plaintiffs object to the sex segregation and gender-stereotyped educational policies of the Breckinridge County Defendants, whether enacted on their own or in reliance upon the Federal Defendants' actions, as a violation of their right to enjoy equal educational opportunities without discrimination on the basis of sex. They seek to ensure that they and all students at Breckinridge County Middle School have the equal opportunity to participate in the school's academic offerings without regard to their sex and to receive instruction based on their individual strengths and needs, rather than stereotypes about the education that the "average boy" or "average girl" wants or requires.

In particular, as to the Federal Defendants, the plaintiffs allege that "the revised sex segregation regulations are not a permissible construction of Title IX, because they purport to interpret the statute's ban on sex-based exclusion from educational opportunities to permit programs predicated on exclusion from educational opportunities on the basis of sex." Amended Complaint, ¶175. They allege that the revised sex segregation regulations are arbitrary and capricious as they run counter to the evidence that was before the Federal Defendants, are not based on informed judgment and reasoned analysis, and thus result in an unreasonable interpretation of Title IX's antidiscrimination mandate. Amended Complaint, ¶¶ 179, 180. They allege that the revised sex segregation regulations purport to authorize educational institutions to intentionally discriminate on the basis of sex "without an exceedingly persuasive or substantial relationship to an important state interest, in violation of the right to equal protection of the laws secured by the Fifth Amendment." Amended Complaint, ¶ 182.

When a motion to dismiss is made, the court must take the allegations of the complaint as true and grant dismissal only when it is beyond doubt that the plaintiffs can prove no set of facts entitling them to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

## I. Title IX Claim

While Title IX creates an implied right of action against educational institutions who receive federal funds, there is no corresponding private right of action against the government. *See, Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). 20 U.S.C. § 1683 states that "[a]ny department or agency action taken pursuant to section 1682 of this title [pertaining to issuance of rules, regulations and orders] shall be subject to such judicial review as may otherwise be provided by law for similar action taken by such department or agency on other grounds." Thus the plaintiffs must look to another avenue for review of DOE's regulations under Title IX.

## II. APA Claim

With respect to the plaintiffs' claim under the APA, the court finds that *National Wrestling Coaches Association v. Department of Education*, 366 F.3d 930 (D.C.Cir. 2004)("*Nat'l Wrestling I*") and *National Wrestling Coaches Association v. Department of Education*, 383 F.3d 1047 (D.C.Cir. 2004)(*Nat'l Wrestling II*") are dispositive of the issue. In these cases, the plaintiffs, the National Wrestling Coaches Association and other groups representing the interests of collegiate men's wrestling coaches and athletes, challenged the decision by various schools to reduce or eliminate men's wrestling programs to comply with the Title IX mandate to provide equal athletic opportunity for members of both sexes. DOE issued a Clarification of Policy after a period of notice and comment. The DOE indicated that cutting or capping of men's sports was a permissible means of compliance with the requirement to provide nondiscriminatory participation opportunities.

The court in *Nat'l Wrestling I* noted that "Section 704 of the APA subjects to judicial review '[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court.' 5 U.S.C. § 704 (2000). In *Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), the Supreme Court held that plaintiffs have a private cause of action for sex discrimination under Title IX against universities." 366 F.3d at 945. Citing

*Washington Legal Foundation v. Alexander*, 984 F.2d 483 (D.C.Cir. 1993), the court in *Nat'l Wrestling I* held that the plaintiffs' alternative remedy – proceeding directly against the individual universities – precluded any suit against the Department under the APA. *Id.* at 946. We find the same analysis to apply here.

The plaintiffs have filed suit against the Breckinridge County Defendants alleging violations of Title IX, the Equal Educational Opportunities Act, Equal Protection, and the Kentucky sex equity in education law. In light of these causes of action, the plaintiffs' APA claim is precluded, as the plaintiffs have asserted claims which provide an adequate remedy.

### III. Equal Protection

In *Nat'l Wrestling II*, the court addressed whether a claim against the Federal Defendants could be asserted where the plaintiffs alleged constitutional violations of which the schools could not be guilty. The court found that a plaintiff may not avoid "the dictates of *Washington Legal Foundation* merely by reciting constitutional provisions that obviously do not reflect the gist of the complaint." *Nat'l Wrestling II*, 383 F.3d at 1048. The court stated:

> [T]he "constitutional violations" allegedly committed by public educational institutions involve no substantive claims beyond those that would otherwise be cognizable under Title IX...appellants have consistently maintained that, in subscribing to Department of Education enforcement policy interpretations, the universities have themselves adopted unlawful policies and engaged in unlawful activities...Appellants are only injured when, as they allege, the universities take actions...

*Id.* at 1048.

We find this analysis to be on point, despite the plaintiffs' attempt to distinguish the facts. The plaintiffs claim that they were and continue to be injured by the Breckinridge County Defendants' offer of sex segregated classes. The *Nat'l Wrestling II* court noted that

> The heart of appellants' claim in this case is that universities have taken actions that violate Title IX and Title IX's implementing regulations. It is clear beyond dispute

- 6 -

> that appellants' asserted injuries arise solely from the universities' actions allegedly taken in derogation of Title IX.

*Nat'l Wrestling II*, 383 F.3d at 1048.  We find that it is through the action of a fund recipient, Breckinridge County, in purported derogation of Title IX, that the alleged injury arises.  Therefore, as was found in *Nat'l Wrestling II*, the mere existence of the Department's regulation causes the plaintiffs no cognizable injury.  There is thus no substantive claim alleged against the Federal Defendants that is beyond what is cognizable under Title IX.[5]  The Equal Protection claim must be dismissed.

Motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendants, U.S. Department of Education and Margaret Spellings, to dismiss the action as to them (DN 79) is **GRANTED**, and the Eighth, Ninth, and Tenth Causes of Action are **DISMISSED WITH PREJUDICE.**

---

[5]The plaintiffs have filed a recent notice of authority citing the case of *Fitzgerald v. Barnstable School Committee*, 129 S.Ct. 788 (2009) for the proposition that "Congress did not intend Title IX to preclude constitutional claims pursuant to 42 U.S.C. § 1983 alleging discrimination in education on the basis of gender."  This case is wholly inapplicable to the question of whether a constitutional claim may be maintained against the Federal Defendants herein.