UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

A.N.A., by and through her parent and next friend, S.F.A., et al.          PLAINTIFFS

v.          CIVIL ACTION NO. 3:08CV-4-S

BRECKINRIDGE COUNTY BOARD OF EDUCATION, et al.          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on cross-motions for certification of this matter as a class action and for appointment of class counsel (DNs 70, 78). By separate order, the claims against the Federal Defendants have been dismissed. The Breckinridge County Defendants[1] agree that class certification is appropriate in this case, and seek certification of two subclasses for ease in addressing the claims herein.

The Amended Complaint challenges the 2008-2009 Breckinridge County Public Schools program which permitted students to choose whether to participate in one or more single-sex class. The plaintiffs[2] have alleged that the Breckinridge County program, purportedly designed in

---

[1] Breckinridge County Board of Education; Breckinridge County Middle School Site Based Decision Making Council; Breckinridge County School District Superintendent Evelyn Neely; Breckinridge County School District Assistant Superintendent Janet Meeks; Breckinridge County Middle School Principal and Chairperson of the Breckinridge County Site Based Decision Making Council Kathy Gedling; and Breckinridge County Middle School Site Based Decision Making Council Members Lisa Chandler, Albert Holtzman, Ann O'Connell, Tara Hinton, and Deborah Anthony, each in their official and individual capacities are collectively referred to as the "Breckinridge County Defendants."

[2] The "plaintiffs" as a whole consist of two groups represented by different counsel. They have been identified throughout this litigation as: (1) the "A.N.A. Plaintiffs," consisting of A.N.A., by and through her parent and next friend, S.F.A.; S.E.A. by and through her parent and next friend S.F.A.; Z.H.S., by and through his parent and next friend, S.S.; J.D., by and through his parent and next friend, S.D.; L.D., by and through her parent and next friend, S.D.; G.J., by and through his parent and next friend L.J.; and S.L., by and through her parent and next friend C.L. (2) the "J.J.N. Plaintiffs," consisting of J.J.N., by and through his parent and next friend J.J.N.; K.A.S., by and through her guardian and next friend, J.J.N.; and A.S., by and through his parent and next friend, J.S. When a distinction between groups is unnecessary, they will be referred to collectively as "plaintiffs." Otherwise we will utilize the shorthand descriptors.

accordance with the provisions of 34 C.F.R. § 106.34 (2007), violates Title IX, 20 U.S.C. § 1681(a); the Equal Education Opportunities Act, 20 U.S.C. § 1705; the Equal Protection Clause of the United States Constitution, and the Kentucky sex equity in education law, KRS 344.555. They seek only injunctive and declaratory relief with respect to the 2008-2009 program.[3]

There appears to be no dispute that the requirements for certification of a class under Fed.R.Civ.P. 23(a) are met. The rule requires the court to find that the elements of (1) numerosity, (2) commonality, (3) typicality, and (4) fair and adequate representation have been met. Fed.R.Civ.P. 23(a).

The parties agree that approximately 605 students are currently enrolled in Breckinridge County Middle School ("BCMS"). Two hundred sixty-seven have chosen to enroll in one or more single-sex classes, and three hundred thirty-eight have chosen to enroll in only coeducational classes. While there is no precise point at which a court finds that a proposed class is so numerous that joinder is impracticable, the parties agree that the class action structure is a more efficient means of addressing the claims herein.

Despite the fact that some students are enrolled in single-sex classes and some in coeducational classes, common issues have been raised concerning the legality of the single-sex class option in the BCMS program, as that option impacts the educational opportunities of the BCMS students.

Similarly, there exists typicality among the claims, inasmuch as they arise from the implementation of the BCMS program. The various class representatives claim to be injured in differing ways by the single-sex option, but all must make a selection which is alleged to result in injury. The plaintiffs allege that all students are ultimately injured by BCMS's program.

---

[3] The plaintiffs seek damages for injuries allegedly suffered from implementation of the 2007-2008 program. Those claims are not in issue here.

The representatives of the class have a common objective with the unnamed members of the class as they seek equality in educational opportunities for all students at BCMS. This is true whether a representative is enrolled in single-sex or coeducational classes.

The court finds that the questions of law and fact common to the proposed class members predominates over any questions affecting individual members, and concludes that the class action process will assist in the fair and efficient adjudication of the claims.

The court agrees with the Breckinridge County Defendants that two subclasses should be established - one comprised of those students who chose to participate in one or more single-sex class and those students who chose to enroll in only coeducational classes for the 2008-2009 school year.

Additionally, we must appoint class counsel herein. In making this determination, the court is required to consider:

1. The work counsel has done in investigating potential claims in the action.

2. Counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action.

3. Counsel's knowledge of the applicable law.

4. The resources that counsel will commit to representing the class.

Fed.R.Civ.P. 23(g).

Upon due consideration and in the court's discretion, the court will appoint counsel for the A.N.A. Plaintiffs as class counsel, the factors of experience in Title IX litigation and knowledge of the applicable law being particularly persuasive. Additionally, the investment of resources of the national American Civil Liberties Union -Women's Rights Project which focuses on such issues merits consideration.

Motions having been made and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The motions of the A.N.A. Plaintiffs for class certification (DN 70) is **GRANTED**.

2. The motion of the J.J.N. Plaintiffs for class certification (DN 78) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that:

3. **Two subclasses are certified for purposes of this litigation:**

Subclass 1 is defined as those students enrolled in Breckinridge County Middle School for the 2008-2009 school year who have chosen to participate in one or more single-sex class for the 2008-2009 school year.

Subclass 2 is defined as those students enrolled in Breckinridge County Middle School for the 2008-2009 school year who have chosen to participate solely in coeducational classes for the 2008-2009 school year.

4. Counsel for A.N.A. Plaintiffs are appointed class counsel.

5. Certification of class representatives and identification of class claims will be made by further order of the court.

**IT IS SO ORDERED.**

Dated:
March 30, 2009

ENTERED BY ORDER OF COURT:
CHARLES R. SIMPSON III, JUDGE
UNITED STATES DISTRICT COURT
JEFFREY A. APPERSON, CLERK
By _____
Deputy Clerk